IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAUL ANTHONY COHEN, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO.  10-7234 |
| | : | |
| GEORGE WAGNER, et al., | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM

BUCKWALTER, S.J.                                                                                                                             May 1, 2012

Currently pending before the Court is the Motion for Summary Judgment filed by Defendants George Wagner and Correction Officer Dew.  For the following reasons, the Motion is granted.

**I.**     **FACTUAL AND PROCEDURAL HISTORY**

On September 21, 2010, Plaintiff Paul Anthony Cohen was a prisoner in the Berks County Jail System when another inmate, identified as Nelson, threw hot water in his face.  (Am. Compl. 1; Defs.' Mot. Summ. J., Ex. A, Cohen-4.)  Plaintiff alleges that he had previously warned the prison's warden, Defendant George Wagner, and a correctional officer, Defendant Dew, about the danger posed by Inmate Nelson, but that both men failed to protect him.  (Am. Compl. 1-2.)

Plaintiff filed his original Complaint in this Court on January 5, 2011.  On April 5, 2011, this Court granted in part and denied in part a Motion to Dismiss filed by Defendants, while granting Plaintiff leave to amend.  The resulting Amended Complaint, filed on June 2, 2011, essentially alleges that Defendants violated the Eighth Amendment to the United States

Constitution by failing to protect Plaintiff from the harm posed by Inmate Nelson. Plaintiff seeks compensatory and punitive damages, as well as unspecified injunctive relief. Defendants filed the present Motion for Summary Judgment on March 9, 2012. Plaintiff filed a Response in Opposition on March 19, 2012, Defendants filed a Reply Brief on March 30, 2012, and Plaintiff filed a Sur Reply on April 25, 2012.

**II.     STANDARD OF REVIEW**

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is "material" only if it might affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). For an issue to be "genuine," a reasonable fact-finder must be able to return a verdict in favor of the non-moving party. Id.

On summary judgment, it is not the court's role to weigh the disputed evidence and decide which is more probative, or to make credibility determinations. Boyle v. Cnty. of Allegheny, Pa., 139 F.3d 386, 393 (3d Cir. 1998) (citing Petruzzi's IGA Supermarkets, Inc. v. Darling-Delaware Co., Inc., 998 F.2d 1224, 1230 (3d Cir. 1993)). Rather, the court must consider the evidence, and all reasonable inferences which may be drawn from it, in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986) (citing U.S. v. Diebold, Inc., 369 U.S. 654, 655 (1962)); Tigg Corp. v. Dow Corning Corp., 822 F.2d 358, 361 (3d Cir. 1987). If a conflict arises between the evidence presented by both sides, the court must accept as true the allegations of the non-moving party, and "all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255.

Although the moving party bears the initial burden of showing an absence of a genuine

issue of material fact, it need not "support its motion with affidavits or other similar materials negating the opponent's claim." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). It can meet its burden by "pointing out . . . that there is an absence of evidence to support the nonmoving party's case." Id. at 325. Once the movant has carried its initial burden, the opposing party "must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Elec., 475 U.S. at 586. "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson, 477 U.S. at 249. Summary judgment may be granted when "the evidence is merely colorable . . . or is not significantly probative." Id. at 249-50 (citations omitted).

### III.   DISCUSSION

Defendants move for summary judgment on two grounds: (1) Plaintiff failed to exhaust his administrative remedies; (2) Plaintiff cannot present sufficient evidence to support his failure to protect claim. The Court considers each argument in turn.

#### A.   Exhaustion of Administrative Remedies

Pursuant to the Prison Reform Litigation Act, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Failure to exhaust administrative remedies is an affirmative defense that must be pled and proven by the defendant." Brown v. Croak, 312 F.3d 109, 111 (3d Cir. 2002).

Here, Defendants argue that despite his familiarity with the inmate complaint process, Plaintiff failed to file a grievance with respect to the current failure to protect claim. (Defs.'

Mem. Supp. Mot. Summ. J. ("Defs.' Mem.") 9-10.)  In support of this argument, they have introduced an affidavit from Kimberly M. Bergan, Deputy Warden of Treatment Services at Berks County Jail System, who avers that she reviewed Plaintiff's file and found "no grievances or inmate communication forms asserting anything about the actions or inactions of either Officer Dew or Warden Wagner related to an alleged assault of Mr. Cohen."  (Defs.' Mot. Summ. J., Ex. C, ¶ 8.)  Accordingly, Defendants move for summary judgment on the grounds that Plaintiff failed to exhaust his administrative remedies.

Plaintiff, on the other hand, asserts that he did file a grievance after the water-throwing incident.  (Defs.' Mot. Summ. J., Ex. A, Dep. of Paul Anthony Cohen ("Cohen Dep."), 54:2-6, Feb. 2, 2012.)  Furthermore, attached to Plaintiff's deposition transcript is an Inmate Communication Form, in which Plaintiff wrote to Lt. Castro, the prison shift commander, as follows: "I wrote a grievance when inmate Nelson threw hot water in my face and was not disciplined.  Did a response ever get sent to me[?]  I didn't receive one.  This was on 9/22 or 25 or 24."  (Defs.' Mot. Summ. J., Ex. A, Cohen-4.)  Lt. Castro replied that a response was in fact sent to Plaintiff, but that he would forward the document to those who could provide him with a copy.  (Id.)

From these communications, it appears that Plaintiff did attempt to avail himself of the prison's internal procedural remedies in connection with the incident involving Inmate Nelson.  However, neither the original grievance referenced in the Inmate Communication Form nor the response allegedly sent to Plaintiff have been submitted as evidence.  Without these documents, the Court is left with a question of fact as to whether Plaintiff raised, and ultimately exhausted, his failure to protect claims at the administrative level.  Accordingly, the Court denies summary

judgment on this basis.

### B. Plaintiff's Failure to Protect Claim

The Eighth Amendment to the United States Constitution imposes a duty on prison officials to "'take reasonable measures to guarantee the safety of the inmates.'" Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526–27 (1984)). This includes the duty to protect inmates "'from violence at the hands of other prisoners.'" Id. at 833 (quoting Cortes–Quinones v. Jimenez–Nettleship, 842 F.2d 556, 558 (1st Cir. 1988)). "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." Id. at 834.

Rather, when an inmate brings a claim for failure to prevent harm, he must show: (1) "that he is incarcerated under conditions posing a substantial risk of serious harm"; and (2) the prison official acted with "'deliberate indifference' to inmate health or safety." Id. (citations omitted). An official acts with deliberate indifference when he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. After a prisoner makes a prima facie demonstration of deliberate indifference, an official can rebut the allegation "either by establishing that he did not have the requisite level of knowledge or awareness of the risk, or that, although he did know of the risk, he took reasonable steps to prevent the harm from occurring." Beers-Capitol v. Whetzel, 256 F.3d 120, 133 (3d Cir. 2001).

Here, Plaintiff alleges that another inmate, Nelson, threw hot water in his face, resulting in an injury that required ice and cream. (Cohen Dep. at 43:22-44:4; 45:14-16.) Plaintiff asserts

that, prior to this incident, he warned both Defendants Wagner and Dew about the danger posed by Inmate Nelson. Specifically, he contends that he wrote to Defendant Wagner "about the windows not being in doors prior to [the water-throwing incident]. I wrote to him about Inmate Nelson. I said that all he had to do was to be moved downstairs and we would be separated. I asked for that separation and it never came." (Id. at 36:13-17.) Plaintiff further alleges that he told Defendant Dew that Inmate Nelson had been harassing him. As examples of harassment, he said that Inmate Nelson would shut his door during times when Plaintiff was required to keep it open, and attempted to persuade Plaintiff to purchase his medications. (Id. at 35:19-36:9.) He also alleges that Defendant Dew "saw Inmate Nelson in my face. He saw Inmate Nelson steal my cards and give them to someone in another cell." (Id. at 37:7-9.)

Defendants contend that Plaintiff's claim must fail because he has not established that they were aware of any risk to his safety, let alone a substantial risk of serious bodily harm. (Defs.' Mem. 7.) They argue that Plaintiff's complaints about Inmate Nelson's harassing behavior did not alert Defendant Dew to any threat of serious harm, and that Defendant Wagner was never informed at all about any danger posed by Inmate Nelson. (Id. at 7-8.) Furthermore, Defendants contend that the water thrown in Plaintiff's face did not cause him any serious bodily injury. (Id. at 8-9.)

The Court agrees that Plaintiff has failed to present sufficient evidence of deliberate indifference to a substantial risk of serious harm. Based on Plaintiff's own account, the alleged letter to Defendant Wagner merely stated that Plaintiff wished to be moved away from Inmate Nelson, and that he wanted windows on the cell door. Putting aside the absence of evidence that Defendant Wagner ever received this correspondence, the Court notes that the letter does not

6

communicate any threat of violence. Plaintiff's vague assertion that windowless cell doors are dangerous does not, without more, establish that Defendant Wagner was aware of a hazardous condition. Similarly, Plaintiff's description of what he told Defendant Dew indicates that, while Inmate Nelson may have annoyed him, there was no reason to believe Plaintiff feared for his safety.

Plaintiff's Response in Opposition does not provide any additional information that would create a genuine issue of fact appropriate for trial.[1] With respect to Defendants' awareness of potential harm, Plaintiff merely states that "I informed several officers of Nelson[']s violent tendencies. Officer Dew was the primary individual. I warned George Wagner of the danger posed by windowless cell doors." (Pl.'s Resp. Opp'n 2.) Plaintiff provides no specific details of what or when he told prison officials about Inmate Nelson's previous acts of violence; indeed, he has not submitted any evidence to support his claim that Inmate Nelson was prone to violence.

Finally, even if the Court assumes that Inmate Nelson had a history of violence of which Defendants were aware, Plaintiff has also failed to demonstrate that the alleged deprivation he suffered was "sufficiently serious," which is required to sustain a failure to protect claim. See Farmer, 511 U.S. at 834. After the water was thrown in his face, Plaintiff was seen by the prison nurse, Fay Oxenreider. Nurse Oxenreider's treatment notes state that there was "no acute injury;" she only observed a "small amount of redness" on Plaintiff's right cheek, for which he was given ice. (Def.'s Mot. Summ. J., Ex. F.) In his testimony, Plaintiff avers that he did not

---

[1] In his Response, Plaintiff denies Defendants' assertion that he told prison officials that the water thrown in his face was not hot, and disputes their account of how many times Defendant Dew gave him written disciplinary notices. (Pl.'s Resp. Opp'n 1-2.) Because neither of these matters have any bearing on the outcome of this case, they do not create issues of material fact.

require any serious treatment, that the injury was not permanent, and that he does not remember if he saw any medical personnel after the initial examination by Nurse Oxenreider. (Cohen Dep. 53:21-54:1; 59:24-60:13.)

The Third Circuit Court of Appeals and other courts within the Third Circuit have found that a plaintiff's failure to protect claim cannot proceed in the absence of a serious injury. See Matthews v. Villella, 381 F. App'x 137, 139 (3d Cir. 2010) (affirming district court's dismissal of failure to protect claim, finding that the plaintiff's "alleged injuries do not rise to the level of 'serious harm,' and he has not alleged a 'pervasive risk of harm' from this single incident"); Jones v. Pugh, No. Civ.A.10-0359, 2011 WL 5244422, at *13 (M.D. Pa. Oct. 6, 2011) (finding that the plaintiff "had not met either the objective or subjective element of a failure to protect claim . . . since the evidence shows that the alleged single push by [the defendant] and [the plaintiff's] injury were only minor"); Knauss v. Shannon, No. Civ.A.08-1698, 2010 WL 569829, at *14 (M.D. Pa. Feb. 12, 2010) (granting summary judgment after finding that the plaintiff had "not demonstrated a substantial risk of serious harm because . . . the force used and injury sustained were minor"). Here, all of the submitted evidence establishes that, to the extent Plaintiff experienced any injury at all, it was minor. Therefore, Plaintiff has failed to show that he either suffered significant harm or was at substantial risk for such harm.[2] For this reason, and

---

[2] Plaintiff cites to three opinions from the Ninth Circuit Court of Appeals for the proposition that he need not show substantial harm in order to sustain his cause of action. (See Pl.'s Sur Reply 6; id., Ex. B at 6 (citing Hunt v. Dental Dep't, 865 F.2d 198 (9th Cir. 1989); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404 (9th Cir. 1985); Jett v. Penner, 439 F.3d 1091 (9th Cir. 2006)).) These cases, however, did not involve allegations that the defendants failed to protect the plaintiffs from harm at the hands of other inmates. Rather, they concerned Eighth Amendment claims for failure to provide proper medical treatment. Hunt, 865 F.2d at 199; Shapley, 766 F.2d at 405-06; Jett, 439 F.3d at 1093. As these cases involved different facts and legal standards, they are not applicable to the present matter.

for all the other reasons discussed above, the Court grants Defendants' Motion for Summary Judgment on the failure to protect claim.

## IV.    CONCLUSION

After reviewing the record in the light most favorable to Plaintiff, the Court concludes that there is insufficient evidence to determine whether or not Plaintiff exhausted his administrative remedies.  On the other hand, Plaintiff has failed to demonstrate that Defendants acted with deliberate indifference to a substantial risk of serious harm.  Therefore, Defendants' Motion for Summary Judgment on Plaintiff's failure to protect claim is granted.

An appropriate Order follows.